## EISENSHANK *v.* STATE OF INDIANA.

[No. 24,869. Filed February 5, 1926. Rehearing denied April 1, 1926.]

1. INTOXICATING LIQUORS.—*Provision of prohibition law declaring place where intoxicating liquor kept for sale public nuisance not unconstitutional.*—Section 20 of the prohibition law of 1917 (Acts 1917 p. 15, §20), declaring a place where intoxicating liquor was kept for sale a common nuisance, was covered by the title of the act and, therefore, was not invalid because of being in conflict with Art. 4, §19 of the Constitution. p. 464.

2. CRIMINAL LAW.—*Refusal to give requested instructions not error when covered by instructions given.*—It is not error to refuse to give requested instructions which are covered by those given by the court. p. 465.

3. CRIMINAL LAW.—*Court cannot be required to instruct the jury that it may disregard instructions as to law of case.*—It is sufficient to instruct the jurors in a criminal case that they are the judges of the law and the facts, and the court cannot be required to go further and instruct them that they

may disregard the court's instructions as to the law of the case.   p. 465.

4.   CRIMINAL LAW.—*Admission of evidence not available error where no objection to question or motion to strike out answer.* —There is no available error in the admission of evidence where there was no objection to the question asked and no motion to strike out the answer thereto.   p. 466.

5.   CRIMINAL LAW.—*Admission of evidence as to arrest of defendant's employer held error and presumably prejudicial.*— In a prosecution of the manager of a place alleged to be a liquor nuisance, evidence that the owner living elsewhere had been arrested there was inadmissible, and its reception presumably prejudicial.   p. 466.

From Dearborn Circuit Court; *Charles A. Lowe,* Judge.

Arthur Eisenshank was convicted of unlawfully maintaining and assisting in maintaining a liquor nuisance, and he appeals.   *Reversed.*

*E. C. Bielby,* for appellant.

*Arthur L. Gilliom,* Attorney-General, *George J. Muller,* Deputy Attorney-General and *George M. Barnard,* for the State.

GEMMILL, J.—Appellant was charged by indictment with unlawfully maintaining and assisting in maintaining a common nuisance, under the prohibition law, in violation of §20, ch. 4, Acts 1917 p. 15.

He was tried by jury and found guilty. On appeal, errors are assigned as follows:   (1) The court erred in overruling the appellant's motion to quash the indictment; (2) the court erred in overruling the appellant's motion for a new trial.

The reasons given in support of the motion to quash the indictment are that the titles of the prohibition acts of 1917 and 1921, are not broad enough to include

1.   the offense charged in the indictment and that the law upon which the indictment is predicated is unconstitutional.   The provisions of said §20 of ch. 4 of the acts of 1917 (Acts 1917 p. 15) are covered by

the title of the act and said section is not contrary to the state Constitution. *Alyea* v. *State* (1925), 196 Ind. 364, 147 N. E. 144; *Thompson* v. *State* (1925), 196 Ind. 229, 147 N. E. 778; *Polsinelli* v. *State* (1925), 196 Ind. 569, 147 N. E. 918; *Perrone* v. *State* (1925), 196 Ind. 384, 148 N. E. 412; *Michopoulos* v. *State* (1925), *ante* 231, 149 N. E. 564. As the prohibition act of 1921 did not amend said section under which the indictment was brought, it is not necessary to consider same. The ruling on the motion to quash the indictment was not erroneous.

In the motion for a new trial, twenty causes are assigned, but several are not relied upon for reversal.

Separate errors are claimed because the court refused to give to the jury each of appellant's tendered instructions Nos. 3, 4, 5, 11, 12 and 13. The principles 2. of law set out in said instructions were fully covered by the instructions given by the court on its own motion.

The court refused to give instruction No. 9, tendered by appellant, and alleged error is based on said refusal. The subject-matter of same was covered by the 3. court's instruction No. 15. Appellant insists that the latter instruction is not sufficient and that the jury should have been informed that they had a right, if they saw fit, to disregard the instructions of the court and find the law for themselves. Said instruction given by the court on its own motion told the jury that they had the right to determine the law of the case. And in the court's instruction No. 16, the jury was instructed that they were the judges of the facts proved. In *Bridgewater* v. *State* (1899), 153 Ind. 560, 566, 55 N. E. 737, this court said: "When the court is properly requested to instruct the jury in a criminal case that they have the right to determine the law and the facts,

it is bound to do so. But it is not required to go any farther. It is not required to neutralize the effect of its instructions by telling the jury that they are at liberty to disregard them, and to decide the law for themselves. When the court informs the jury that they have the right to determine the law and the facts, it states the only legal proposition necessary to be laid down on that subject." See *Anderson* v. *State* (1885), 104 Ind. 467, 4 N. E. 63, 5 N. E. 71; *Blaker* v. *State* (1892), 130 Ind. 203, 29 N. E. 1077. The court did not err in refusing to give any of the said instructions requested by the appellant.

Error is claimed because the court permitted the witness, Kate Eberhart, to answer the following question:

"And I wish you would tell the jury whether or not you saw any parties drunk coming out of the alley there?" The answer was: "I saw parties in the alley drunk but I do not know where they come from." No objection was made to the question and no motion was made to strike out the answer. An objection to the answer to the next question, which objection was overruled, should have been sustained, but appellant was not harmed thereby. It is not out of place to say that the question and answer, herein set out, in order to be competent when proper objection is made, should be followed by other evidence, the character of which is apparent. The record does not show any reversible error in regard to the admission of evidence of this witness.

It appears from the evidence that the place named in the indictment as a common nuisance was located in the city of Lawrenceburg and was owned by a Mr. Whitney, who lived at Elizabethtown, a few miles distant; that at the place in question cigars, tobacco, pop, near-beer, candy and sandwiches were sold; and that appellant was employed by Mr. Whitney

as manager.  On re-cross-examination, the appellant was asked the following question:  "How many times has Whitney been arrested to your knowledge up there at E-Town."  The answer was:  "I do not know nothing about that."  An objection was made, but no reason for same was stated and no exception taken.  The next question was:  "You know he has been arrested up there?"  Proper objection was made, which was overruled, and an exception was noted.  The appellant answered:  "Not positive, no."  The next question was: "You heard he had been arrested?"  He answered:  "I heard he has been arrested but I am not positive."  He was then asked:  "Hasn't he told you he has been arrested?"  Answer:  "No."  There is no connection between this evidence and the matters upon which the appellant was examined in chief.  The fact that the employer of appellant, who was not prosecuted with him, had been arrested elsewhere, was not competent evidence against the defendant.  These questions were not proper and the evidence in answer to the question, to which exception was taken, should not have been admitted.  When there has been a sufficient and specific objection to testimony, it is not necessary to repeat the objection whenever testimony of the same class is offered.  Jones, Evidence (2d ed.) §894.  We must presume that this erroneous evidence was prejudicial to the appellant.

It was not error to refuse to instruct the jury at the close of the state's evidence to return a verdict for the defendant.  We do not consider the question of the sufficiency of the evidence to uphold the verdict.

One of the causes stated in the motion for a new trial was the admission of said improper evidence.  There was error in overruling said motion.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.