STATE OF INDIANA *v.* MONNINGER ET AL.

[No. 30,039. Filed May 17, 1962. Rehearing denied June 28, 1962.]

*Edwin K. Steers,* Attorney General, and *Frank E. Spencer,* Deputy Attorney General, for appellant.

*Robert H. Duffy,* of Terre Haute, for appellees.

LANDIS, J.—The State of Indiana brought an eminent domain proceeding to condemn certain parcels of appellees' land for right of way use by the State Highway Department of Indiana for the construction of a limited access highway. The report of appraisers

appointed by the court fixed damages of appellees-defendants at $165,058.00, and on exceptions being filed to the report, a trial was had by jury on the issue of damages resulting in a verdict for appellees-defendants in the amount of $185,000.00. Appeal is taken by the State from judgment rendered on the verdict, the error assigned being the overruling of appellant's motion for new trial.

Appellant first contends the admission into evidence of a carbon copy of appellees' income tax return for 1955 and evidence from witness John Miller as to their income for subsequent years constituted hearsay and violated the best evidence rule, and that the court erred in admitting the same into evidence and in overruling certain objections made by appellant with reference to it.

Appellees in reply thereto argue that any error that may have been committed by the court in admitting this evidence was waived by the State (appellant) when it introduced similar testimony from its witness Carl Miller.

The record shows the State interrogated Carl Miller as to whether he had considered any other approach to the question of damages other than market value on the basis of sales. The following answers were given as appear from the record:

"A. Well, I've considered somewhat—I might add, you asked me if I was related to John Miller. I'm not, but he's been a friend a long time. I asked him about the income, and he informed me it was from thirty to thirty-one thousand net every year.

"Q. That's what Mr. Miller told you?

"A. Yes. .... "

It is our considered opinion that the position of appellee is correct for it is well settled that error in

admitting evidence at the trial is not available on appeal where the complaining party submits evidence to substantially the same effect. *Guenther* v. *Jackson* (1920), 73 Ind. App. 162, 166, 126 N. E. 873, 875; See: *Polk* v. *Haworth* (1911), 48 Ind. App. 32, 36, 95 N. E. 332, 333.

We have no quarrel with the statement by appellant that where a sufficient and specific objection has been made to testimony, it is not necessary to repeat the objection whenever testimony of the same class is offered, citing: Jones on Evidence, 2d ed., §894, and *Eisenshank* v. *State* (1926), 197 Ind. 463, 467, 150 N. E. 365, 366.

However, that has no application here where it appears that the State did more than fail to object continuously. The State subsequently through its witness Carl Miller introduced evidence to the same effect as the State had earlier contended was incompetent when it came from the adverse party. The subsequent introduction by the State of substantially the same evidence as it had previously objected to, waived such error as may have been committed.

Appellant's second contention is that the court erred in overruling its objection to a hypothetical question propounded by appellee, the pertinent questions, objections and answers being as follows:

"Q. Now, Mr. Cahill, assuming that we have a business which has existed in the same city, in the same location for some twenty-five or thirty-five years, that has maintained a business bank account of around fifty thousand dollars for a period of at least five years; that has earned net profits in the past five years as follows: 1955—thirty-eight thousand, three hundred ten dollars and fifty-eight cents; 1956—forty thousand, eight

hundred two dollars and thirty-one cents; 1957—twenty-five thousand, three hundred eighty-three dollars and thirty-one cents; 1958—twenty-eight thousand, two hundred forty-eight dollars and thirty-one cents; 1959 — twenty-six thousand, four hundred ninety-six dollars and seventy-eight cents; or a total net earnings for those five years amounting to one hundred fifty-nine thousand, two hundred forty-one dollars and twenty-nine cents; and averaging for each of those years thirty-one thousand, eight hundred forty-eight dollars and twenty-six cents; and assuming further that there has been no substantial owner-participation in said business during the five years mentioned, do you have an opinion as to the value of that business, based upon earnings?

"A. Yes, sir, I do.

"Q. What is that opinion?

"Mr. Spencer: If the Court please, I object to the question asked for the reason that it is directed to an opinion of the witness based upon facts not shown in this cause. A number of the facts enumerated in the hypothetical have not been shown here. First, there has been no competent evidence or anything concerning net income other than self-serving statements, unsigned by the Defendants, containing such a statement, with no background on the part of the witness who presented it. Secondly, the evidence has been exactly to the contrary in regard to the matter of owner-participation, that being that the owner has, in fact, participated, but it was merely that he was not regularly physically present at the office during periods of time; and thirdly, the witness has already stated that a determination, in his opinion, must be based in part upon the facilities present to continue such earnings; and the hypothetical question has left that out entirely.

"Court: Overruled. You may answer.

"A. My estimate of the value of the business would be based on a figure of twelve times the average net earnings for the past five years, which I figure is somewhere around three hundred eighty-two thousand, one hundred seventy-nine dollars. I have — that would be less any inventory

or any assets that they might have on hand after the liquidation of the business."

The first ground of objection that there was no competent evidence of appellees' net income introduced has been heretofore disposed of in the prior part of this opinion. Also, any question concerning it is waived by appellant's failure to discuss it in its brief in support of said objection.

The second ground of objection to the effect that the evidence showed owner participation rather than a lack thereof, as assumed by the question, is untenable. Appellant concedes the evidence showed a lack of Mr. Monninger's physical presence at the office but states that alone was insufficient.

We believe appellant's construction of the evidence is entirely too narrow for although it did show Mr. Monninger would stop in the office at times and that he and the manager would discuss the business in the evening, the evidence was further to the effect that Mr. Monninger had not been active in the business for more than five years. There was therefore evidence in the record upon which the hypothetical question as to no substantial owner participation could be predicated and appellant's second ground of objection is therefore without merit.

Appellant's third ground of objection is that the hypothetical question must have been based in part upon the facilities present to continue the earnings, which it left out entirely. While the question may not be a model one in form, it did assume among other things the existence of a business in the same location for 25 or 35 years which had maintained a sizeable bank account and averaged $31,000.00 net profits for five years, and we believe it was not

reversible error to overrule the objection on the basis of the ground urged. The question was so phrased that the answer had some probative value, the weight of which was for the jury.

Appellant's next contention of error is that the court should have given to the jury its tendered instructions 3 and 4.

Instruction 3 related to the consideration the jury should give to the opinions of witnesses as to fair market value and damages and their duty to disregard opinions based on visionary or speculative matters. Instruction 4 pertained to the jury's right, in determining the weight to be given testimony, to consider the business of the witness and his familiarity with the real estate and its use, the reasonableness of his testimony including his knowledge of what constituted fair market value, and all the facts about which he testified.

Appellees argue these instructions were substantially covered by the court's instructions 1, 4 and 7, which were given to the jury. While there is some degree of variation in the exact language of the instructions we believe they substantially cover the same subject matter as to the weight to be given the various witnesses and that they are therefore sufficiently similar in nature that we cannot say the court below committed reversible error in refusing appellant's said tendered instructions.

Appellant's final contention is that the verdict was not sustained by sufficient evidence and was contrary to law in that there is no evidence in the record which will support the verdict in the amount of $185,000.00.

It appears from the evidence that the State's witness, John Newlin, gave evidence that appellees' damages came to the total figure of $150,693.00, whereas the appellees introduced evidence that their damages based on the value of their business destroyed was $382,179.00, less the amount of inventory or assets on hand after liquidation of the business.

It further appears from the testimony of the State's three experts, Bert Williams, Carl Miller and John Newlin, that such witnesses appraised the property of appellees in individual pieces which amounted to 18 different items instead of appraising the entire property being taken and damaged as a whole. As demonstrated by appellees it is possible to take from the State's own evidence testimony from its three different expert witnesses as to the amount of each said 18 items of damage so as to aggregate the sum of $184,613.00, which is only $387.00 less than the jury's verdict of $185,000.00 in this case.

It is elementary that neither litigant in a lawsuit may restrict the weighing of evidence by the jury as to matters properly before them for consideration in the case. The jury in their province of determining the facts could believe all, none, or any part of the testimony of the witnesses. We are unable as a reviewing court on appeal to say that the jury could only believe all of the testimony of the State's experts as to damages or reject such evidence in its entirety. The jury could certainly believe a portion of the testimony of each or any of such witnesses as they deemed worthy of belief.

We are compelled to conclude the verdict of the jury fixing damages in the amount of $185,000.00 is

supported by the evidence of appellant's witnesses alone, and that the verdict is therefore sustained by sufficient evidence and not contrary to law.

Finding no reversible error, the judgment is affirmed.

Achor, C. J., and Arterburn and Bobbitt, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 182 N. E. 2d 426.