CAESAR MOSBY, JR. *v.* STATE OF INDIANA.

[No. 2-174A9. Filed June 16, 1975. Rehearing denied July 14, 1975.]

*Frederick B. Robinson,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

SULLIVAN, P.J.—Caeser Mosby, Jr., appeals the overruling of a Belated Motion to Correct Errors, filed under Post-Conviction Remedy Rule 2.

He was convicted by a jury on July 23, 1973 of Sodomy,[1] Robbery,[2] and Commission of Rape While Armed,[3] for which he was sentenced to terms of two to fourteen years, ten to twenty-five years, and ten years, respectively.

The facts viewed most favorably to the State are as follows: On the evening of January 19, 1973, the prosecutrix was in the parking lot of the Gateway Motel, 1700 Lafayette Road, Indianapolis, preparing to load her suitcases into her automobile when she was approached by Mosby and a companion. Mosby conversed briefly with the prosecutrix, then produced

---

1. IC 1971, 35-1-89-1, Ind. Ann. Stat. § 10-4221 (Burns Supp. 1974).
2. IC 1971, 35-13-4-6, Ind. Ann. Stat. § 10-4101 (Burns 1956).
3. IC 1971, 35-12-1-1, Ind. Ann. Stat. § 10-4709 (Burns Supp. 1974).

a knife with which he forced the victim into her nearby motel room. In her room she was ordered to disrobe by Mosby while he traced circles on her chest and throat with the point of the blade. After undressing, she was forcibly thrown to the bed, causing her purse to fall on the floor. Mosby saw the purse and directed his companion to search it for money. When the accomplice's search revealed money in the purse, Mosby threatened the prosecutrix with his knife and berated her for not replying truthfully to his earlier demands for money. While Mosby held the knife over the prosecutrix, his partner raped her, then dressed and exited with the money. Mosby then locked the door and raped the prosecutrix anally and vaginally while continually threatening her with his knife to force her submission. After nearly an hour and a half, the victim was able to yell at a passerby in the parking lot and in the ensuing confusion, effectuate her escape.

Mosby presented five issues in his Belated Motion to Correct Errors, two of which (that the State failed to pin-point his age as being over sixteen with sufficient certainty and that the State failed to show that he was armed with a deadly weapon) he has failed to brief. We therefore decline to consider those two. The remaining three contentions are that:

1. The pre-trial identification procedure was so unnecessarily suggestive as to render the prosecutrix's in-court identification inadmissible;
2. The State failed to show that appellant committed any act amounting to Sodomy as defined in IC 1971, 35-1-89-1, Ind. Ann. Stat. § 10-4221 (Burns Supp. 1974) ;
3. The State failed to prove all the elements necessary to support a conviction of appellant for Robbery.

We affirm.

# I

## ALLEGATION OF PREJUDICIALLY SUGGESTIVE PRE-TRIAL IDENTIFICATION WAIVED

Mosby asserts that the pre-trial identification procedure conducted by Officer Lund of the Indianapolis Police De-

partment was so unnecessarily suggestive as to render the prosecutrix's in-court identification inadmissible as violative of due process of law. Mosby failed to properly preserve this assertion in that he did not object to the victim's identification testimony at trial. *Sargeant* v. *State* (1970), 255 Ind. 252, 263 N.E.2d 525; *Hardin* v. *State* (1972), 153 Ind. App. 317, 287 N.E.2d 359.

## II

## THE SODOMY STATUTE PROHIBITS ANAL INTERCOURSE

The Indiana Sodomy Statute, IC 1971, 35-1-89-1, Ind. Ann. Stat. § 10-4221 (Burns Supp. 1974), has been upheld against attacks that it is unconstitutionally vague. *Dixon* v. *State* (1971), 256 Ind. 266, 268 N.E.2d 84. Mosby contends that the State has failed to show that he committed any act that could reasonably be viewed as sodomous, i.e., an "abominable and detestable crime against nature with mankind or beast." The State proved that Mosby forced the prosecutrix to submit to anal intercourse. Indiana has consistently held that sodomy punishable under the statute includes "carnal copulation *per os* or *per anum.*" *Dixon* v. *State, supra; Glover* v. *State* (1913), 179 Ind. 459, 101 N.E. 629; *State* v. *Lopez* (1973), 156 Ind. App. 379, 296 N.E.2d 918.

## III

## ROBBERY CONVICTION SUPPORTED BY SUFFICIENT EVIDENCE

Mosby asserts that the overruling of his motion for judgment on the evidence made at the close of the State's case (Ind. Rules of Procedure, Trial Rule 50) was error because the State failed to carry its burden with respect to certain of the essential elements of Robbery, as defined by IC 1971, 35-13-4-6, Ind. Ann. Stat. § 10-4101 (Burns 1956). Specifically he argues that the State failed to show that (a) he took anything of value from the prosecutrix, (b) he possessed the

requisite intent, and (c) the specific amount alleged in the indictment, i.e., $125.00, was actually taken.

A judgment of acquittal pursuant to TR. 50 is proper only when there is an absence of substantial evidence of probative value, either directly or by reasonable inference, with respect to an essential element of the offense. *Ward* v. *State* (1965), 246 Ind. 374, 205 N.E.2d 148; *Robinson* v. *State* (1974), Ind. App., 309 N.E.2d 833 (reversed on other grounds *Robinson* v. *State* (1974), 262 Ind. 463, 317 N.E.2d 850).

The essential elements of Robbery are: (1) an unlawful taking (2) from the person of another of (3) any article of value (4) by violence or putting in fear. *Burton* v. *State* (1973), 260 Ind. 94, 292 N.E.2d 790.

While there is no evidence that the accused personally took anything, there is evidence that his companion took money from the victim's purse. Mosby's conversations with his companion leading up to the latter's discovery and seizure of the money make it clear that the two acted in concert. The Supreme Court has held that:

"Where two or more defendants act in concert to commit a robbery, '. . . It is not essential that participation of any one defendant in each element of robbery be established . . . It is immaterial whether [the defendant] personally took anything of value, since the evidence is sufficient to establish that his confederates did.' *Cline* v. *State* (1969), 253 Ind. 264, 252 N.E.2d 793 at 795. See also IC 1971, 35-1-29-1 (Ind. Ann. Stat. § 9-102 [1956 Repl.])." *Burton* v. *State, supra,* at 802-803.

Regarding Mosby's intent, the prosecutrix's uncontradicted testimony regarding what he said to her and to his accomplice establish a sufficient basis from which the jury could infer the requisite intent to take her money. Mosby repeatedly demanded money from the victim prior to the discovery of the purse. When the prosecutrix's purse was knocked to the floor of the motel room during the altercation, it was Mosby who ordered his companion to search the purse for money.

And when the money was discovered it was Mosby who threatened the victim for refusing to tell him she had money. From these facts, it was patently reasonable for the jury to infer that Mosby intended to rob the prosecutrix.

The argument that the State fatally failed to prove exactly $125.00, as the amount actually taken, is without merit. Indiana has consistently held that a variance between the amount of money alleged in the indictment or information and the amount proved is not material and not grounds for reversal so long as there is proof that any article of value was taken from the victim's personal presence or personal protection. *Perkins* v. *State* (1973), 261 Ind. 209, 301 N.E.2d 513; *Bayer* v. *State* (1973), 158 Ind. App. 531, 303 N.E.2d 678; *Webster* v. *State* (1973), 155 Ind. App. 510, 293 N.E.2d 529. There is abundant evidence of probative value that money of some value was taken from the prosecutrix's purse as it lay on the floor in front of her.

Affirmed.

Buchanan and White, JJ., concur.

NOTE.—Reported at 329 N.E.2d 600.