STEPHEN A. LOY *v.* STATE OF INDIANA.

[No. 2-974A234. Filed July 15, 1975.]

*Stephen J. Cuthbert,* Tippecanoe Public Defender, of Lafayette, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

PER CURIAM—Stephen A. Loy is appealing his conviction for the offense of robbery while armed.[1] He was ordered committed to the Department of Correction for a determinate period of ten (10) years.

We affirm.

The facts viewed most favorably to the state reveal that on Tuesday, November 27, 1973, Cliston Shackleford, a seventeen-year old high school student, had gone to work at 6:00 p.m. at the Mary-Lou Donut Shop in the city of Lafayette, Indiana. Shortly after 8:30 p.m., two men, who subsequently were identified as Loy and one Goonen, entered the shop and inquired if anybody had asked for them. The gentleman asking the question spoke in such a low tone that Miss Shackleford was forced to walk right up in front of him in order to ascertain the nature of the question. She then responded in the negative and the individuals left the shop.

About a half hour later, the same two men returned to the donut shop. The two men quickly walked up to the counter and were within two feet of Miss Shackleford when they inquired if anybody else was in the shop. After receiving a negative answer from her, they stated, "give us your money." They each drew a handgun and ordered Miss Shackleford to get a sack for the money. Miss Shackleford had opened the cash register and was placing the money in a sack when one of the men ripped the cord from the telephone. After admonishing Miss Shackleford not to describe them to anybody, the men walked out of the donut shop.

Loy was charged by affidavit with commission of a felony while armed, to-wit: robbery. Trial was held before a jury on March 5, 1974 and Loy was convicted as charged.

Loy's sole contention on appeal is that the pre-trial identification conducted by the Tippecanoe County Sheriff's Department and the Lafayette Police Department were so unnecessarily suggestive as to render the prosecuting witness's in-court identification inadmissible as violative of due process

---

1. IC 1971, 35-12-1-1, Ind.Ann.Stat., § 10-4709 (Burns Supp. 1974).

of law. Loy failed to preserve this question in that he did not object to the victim's identification testimony at trial. As a consequence, he has waived the issue. *Sargeant* v. *State* (1970), 255 Ind. 252, 263 N.E.2d 525; *Mosby* v. *State* (1975), 164 Ind. App. 479, 329 N.E.2d 600; *Hardin* v. *State* (1972), 153 Ind. App. 317, 287 N.E.2d 359.

The judgment of the trial court is affirmed.

NOTE.—Reported at 330 N.E.2d 773.