GREGORY MOSS *v.* STATE OF INDIANA.

[No. 2-1273A266. Filed August 26, 1975. Rehearing denied October 15, 1975. Transfer denied December 9, 1976.]

*Harriette Bailey Conn* (*Mrs.*), Public Defender of Indiana, *David P. Freund*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Russell D. Millbranth*, Deputy Attorney General, for appellee.

SULLIVAN, P.J.—Gregory Moss was charged on December 13, 1971 with possession of a narcotic drug (heroin), in violation of IC 1971, 35-24-1-2, Ind. Ann. Stat. § 10-3520 (Burns 1956) (Repealed 1973). Trial was held before the court without jury on February 25, 1972. Moss was found guilty as charged and sentenced accordingly. His Belated Motion to Correct Errors, pursuant to Post Conviction Remedy Rule 2, was overruled, and he brings this appeal.

We affirm.

The facts ascertainable from the record reveal that at about 1:00 P.M. on October 13, 1971, Indianapolis Police Officer Ernest L. Miller, acting on the basis of information of undis-

closed content from a previously reliable informant, placed under surveillance a car parked at North and Blakely Streets in Marion County, Indiana. Moss was sitting in the car next to the window on the passenger side. Two other persons sat in the front seat. Officer Miller stated that he observed the car for "about ten or fifteen minutes" during which time he saw "several" persons approach the passenger's side of the car, talk to Moss and that they "stuck their hand inside the car." Miller stated that the persons who had approached the car were known to him to be drug addicts. Believing that narcotics were being sold, Miller approached the passenger side of the car and identified himself as a police officer, at which time he saw Moss "take his right hand and go between his legs." Fearing that Moss might have a weapon, Miller asked him and the other occupants to step out of the car for a pat-down weapon search. As they got out of the car, Miller noticed a cigarette package on the seat where Moss had been sitting. The officer picked up the cigarette package, looked inside it and discovered four tinfoil packages containing a white powdery substance, later shown to be heroin.

When the State offered the cigarette package and the bindles of heroin Officer Miller had found inside it, Moss objected, asserting that this evidence was the product of an unlawful search and seizure.

Two issues are properly presented to this court:

1. Did the trial court err in overruling Moss's objection to the admission of the cigarette package and its contents?
2. Is the evidence sufficient to sustain the conviction?

## I

Moss argues that Officer Miller's actions in removing the cigarette package from the car and examining its contents constituted a search of the vehicle and its contents. Moss's theory is that the search was unlawful and its product therefore inadmissable because the officer acted without a warrant and without probable cause to arrest or search without a warrant.

The State responds that Officer Miller's conduct was not a "search" at all but rather a seizure by him of evidence in his plain view as he stood in a position where he had a right to be. The State's theory is that Miller had a right to be in a position to observe the cigarette package in plain view on the front seat of the car because he was in the process of conducting an investigative stop and protective "frisk" for weapons pursuant to IC 1971, 35-3-1-1 through 35-3-1-3, Ind. Ann. Stat. §§ 9-1048—9-1050 (Burns Supp. 1974) and *Terry* v. *Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. Prior to its discussion of the "plain view" doctrine in its brief, the State seems to suggest that the seizure of the cigarette package and its contents might also be justifiable under a "search incident to arrest" theory as per *Frasier* v. *State* (1974), 262 Ind. 59, 312 N.E.2d 77; *Taylor* v. *State* (1974), 160 Ind. App. 561, 313 N.E.2d 92, and *Sizemore* v. *State* (1974), 159 Ind. App. 549, 308 N.E.2d 400, these cases being an extension of *Gustafson* v. *Florida* (1973), 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456, and *U.S.* v. *Robinson* (1973), 414 U.S. 218, 44 S.Ct. 467, 38 L.Ed.2d 427.

While our reading of the cases, both from this state and other jurisdictions, suggests that persuasive arguments could be framed for opposing views on the legality of the seizure, we need not resolve this issue. The record reveals that the trial court properly admitted other evidence which, standing alone, is sufficient to sustain the conviction. Any error which may have occurred in the admission of the heroin therefore is not grounds for reversal.

Officer Miller testified without objection that he had obtained the cigarette package from "the front seat of the car that Mr. Moss was sitting in." No objection was made when the officer stated that he had placed the cigarette package inside a yellow envelope which he then sealed, initialed, and "put it in the narcotic dropbox." Officer Miller's statement that he had personally removed the initialed envelope from the narcotic vault on the day of the trial and brought it to court was not objected to by Moss. Nor did Moss object to

the testimony of Officer Caine of the crime laboratory when the officer stated that he had removed the envelope from the vault, took it to the crime laboratory for analysis, and then had replaced the package. Finally, no objection was made to the crucial testimony of Dr. Phillips, the police department's forensic chemist, when he stated that he had analyzed the contents of the initialed envelope brought to him by Officer Caine and had found that the cigarette package contained "Heroin, a derivative of Opium."

The courts of this State have repeatedly held that error may not be predicated on the admission of evidence unless there was timely and specific objection thereto in the trial court. *Harrison* v. *State* (1972), 258 Ind. 359, 281 N.E.2d 98; *Gaynor* v. *State* (1966), 247 Ind. 470, 217 N.E.2d 156; *Winston* v. *State* (1975), 165 Ind. App. 369, 332 N.E.2d 229; *Mosby* v. *State* (1975), 164 Ind. App. 479, 329 N.E.2d 600; *Hardin* v. *State* (1972), 153 Ind. 317, 287 N.E.2d 359. The fact that the alleged evidentiary error may be of constitutional dimensions does not alter application of this general rule. *See Harrison* v. *State, supra; Tyler* v. *State* (1968), 250 Ind. 419, 236 N.E.2d 815; *Winston* v. *State, supra; Johnson* v. *State* (1972), 152 Ind. App. 104, 281 N.E.2d 922.[1]

Professor McCormick states that:

"If the evidence is received without objection, it becomes part of the evidence in the case, and is usable as proof to the extent of the rational persuasive power it may have. The fact that it was inadmissible does not prevent its use as proof so far as it has probative value. The incompetent evidence, unobjected to, may be relied on in argument, and alone or in part may support a verdict or finding. This principle is almost universally accepted, and it *applies to any ground of incompetency under the exclusionary rules.*" McCormick, *Evidence,* 125-126 (2d Ed. 1972) (emphasis supplied).

That our courts adhere to this principle is not open to serious

---

1. The admission of evidence "tainted" by its connection with an unlawful search and seizure is not "fundamental error" which this court will review despite the defendant's failure to properly object to its admission at trial. *Winston* v. *State, supra.*

question. As stated in *Norrington* v. *Smith* (1972), 154 Ind. App. 413, 290 N.E.2d 60, 63:

"It is a well settled rule of law in Indiana, that where incompetent evidence, hearsay or otherwise, is admitted without objection its probative value is for the trier of fact to determine notwithstanding such evidence might have been excluded if proper and timely objection had been made. *Kern* v. *State* (1957), 237 Ind. 144, 144 N.E. 705, *Chicago District, etc., Corp.* v. *Evans* (1946), 117 Ind. App. 280, 69 N.E.2d 627, *Klingler* v. *Ottinger* (1939), 216 Ind. 9, 22 N.E.2d 805." *See also Indianapolis Blue Print & Mfg. Co.* v. *Kennedy* (1939), 215 Ind. 409, 19 N.E.2d 554.

Relevant evidence, subject to exclusion on the basis of fourth amendment principles, which is admitted without objection is properly considered "to the extent of the rational persuasive power it may have", McCormick, *supra,* since the rationale behind the constitutional exclusionary rules, i.e., to deter unlawful police conduct,[2] does not address itself to the probative value of such evidence. Considering the above principles, even if the heroin was improperly seized so that it should have been excluded, and all testimony pertaining thereto would have been excludable on proper objection, Moss's failure to object to that testimony allowed the trial court to properly consider a substantial amount of highly relevant and probative evidence pointing to Moss's guilt.

To say that error in the admission of the heroin is not grounds for reversal is to say that such error, if any, is "harmless" in the context of this case. Since any error which might have occurred would violate one of Moss's federal constitutional rights, we are obliged to follow the harmless-constitutional-error rule formulated by the United States Supreme Court.

The original harmless-constitutional-error rule was announced in *Chapman* v. *California* (1967), 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. It was therein stated: "that before

---

2. *See Mapp* v. *Ohio* (1961), 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081; *Elkins* v. *United States* (1960), 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669; *Weeks* v. *United States* (1914), 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652.

a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." Id. at 24, 87 S.Ct. at 828, 17 L.Ed.2d at 709. The *Chapman* rule was generally interpreted to mean "that the error to be harmless must not have contributed to the conviction." McCormick, *supra,* at 431; *see also* Traynor, *The Riddle of Harmless Error,* 44-45 (1970). It has been argued accordingly that a literal interpretation of the Chapman standard "would amount to an automatic reversal rule," McCormick, *supra,* at 431,[3] contrary to the rationale of the harmless error rule, i.e., "that efficient administration requires a fair *but not perfect* trial." 1 Weinstein & Berger, *Evidence,* p. 103-64 (1975) (emphasis supplied). We believe that it was in response to such an argument that the United States Supreme Court diluted the *Chapman* standard by adopting a more pragmatic approach to harmless-constitutional-error in *Harrington* v. *California* (1969), 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284.[4] In *Harrington, supra,* "the Court seems to have adopted the 'overwhelming evidence' standard", Mc-Cormick, *supra,* at 432, which renders the error harmless if the amount and probative value of the other evidence in the record tending to sustain the finding of guilt is, when compared with the probative value of the inadmissable evidence, "overwhelming." *See* Note, *Harmless Constitutional Error, supra,* at 819.

As we have stated, the testimony concerning the heroin was properly admitted and entitled to its natural probative value. The testimony was uncontradicted and, if believed, established that the cigarette package found in Moss's possession contained heroin. The heroin itself would, in effect, be merely cumulative of the admitted testimony. In 1973, a unanimous

---

3. *See* Note, *Harmless Constitutional Error,* 83 Harv. L. Rev. 814, 819 (1970).

4. The three dissenters in *Harrington* read the majority opinion as not merely diluting *Chapman* but effectively overruling it. Id. at 255, 89 S.Ct. at 1729, 23 L.Ed.2d at 288. The *Harrington* version of the rule has been implicitly reaffirmed by the Court in one of its most recent opinions on the subject; *see Brown* v. *United States* (1973), 411 U.S. 223, 231, 93 S.Ct. 1565, 1570, 36 L.Ed.2d 208, 215.

United States Supreme Court stated that "[t]he testimony erroneously admitted was merely cumulative of other overwhelming and largely uncontroverted evidence properly before the jury," *Brown* v. *United States, supra,* at 231, 93 S.Ct. at 1570, 36 L.Ed.2d at 215, and that therefore constitutional error in the admission of the testimony was harmless. We think that the Supreme Court's holding in *Brown, supra,* is applicable to this case, and therefore conclude that any error which might have occurred in the admission of the heroin is is harmless. *See also Johnson* v. *State* (1973), 157 Ind. App. 105, 299 N.E.2d 194, 199.

## II

Moss's argument that there was insufficient evidence to sustain the conviction is without merit. As we have noted, there was testimony properly before the court which established that (1) Moss made a gesture as if to hide something between his legs when Officer Miller approached the car; (2) a cigarette package was found on the car seat where Moss had been sitting; (3) the cigarette package was held in an unbroken and unchallenged chain of custody from the time it was recovered to the time of trial; and (4) the cigarette package contained heroin. It is not for this court to disbelieve that testimony when the trial court did not. The testimony noted makes the facts of this case nearly identical to the facts extant in *VonHauger* v. *State* (1970), 254 Ind. 297, 258 N.E.2d 847, and *Johnson* v. *State* (1975), 163 Ind. App. 684, 325 N.E.2d 859, wherein the convictions for possession of illegal drugs were sustained. Even if the heroin itself had been excluded, since its admission is not essential for conviction (*see Mayes* v. *State* (1974), 162 Ind. App. 186, 318 N.E.2d 811; *Winston* v. *State, supra*), the testimony establishes sufficient facts to sustain the conviction. *VonHauger* v. *State, supra; Johnson* v. *State, supra.*

Affirmed.

White, J., concurs; Buchanan, J., concurs in result with separate opinion.

## CONCURRING OPINION

BUCHANAN, J.—I concur in the result only in this case because, in my opinion, the heroin was properly seized pursuant to an investigative stop and search of the vehicle which was reasonable on the basis of facts known to the officer at that time . . . relying on *Luckett* v. *State* (1972), 259 Ind. 174, 284 N.E.2d 738, *Williams* v. *State* (1973), 261 Ind. 547, 307 N.E.2d 457 and *Elliott* v. *State* (1974), 262 Ind. 413, 317 N.E.2d 173. Therefore, I would predicate the affirmance as to the admissibility of the heroin seized by the officer without necessarily relying on any other reason.

Correspondingly, I do not agree with the majority that "persuasive arguments could be framed for opposing views on the legality of the seizure . . ." or any other inference that the heroin was improperly admitted into evidence.

NOTE.—Reported 333 N.E.2d 141.

---

## ON PETITION FOR REHEARING

[Filed October 15, 1975.]

EVIDENCE—*Motion to Suppress Evidence not Sufficient to Suppress Testimony Concerning Evidence Obtained.*—Defendant's in-trial motion to suppress heroin obtained as a result of an allegedly illegal search did not suffice as an objection to subsequent testimony of witnesses concerning the heroin; rather defendant had to contemporaneously object to the testimony of each witness to preserve possible error in the admission of such testimony.

SULLIVAN, P.J.—Gregory Moss petitions this Court for rehearing of his appeal from a conviction of possession of heroin. In our original opinion (1975), 165 Ind. App. 502, 333 N.E.2d 141, we held that any possible error in the admission of the heroin itself was not grounds for reversal in light of Moss' failure to object to testimony about the heroin which, standing alone, was sufficient to sustain the conviction.

## I

Moss asserts that we erred in finding that the testimony was admitted without objection. He argues that specific objections to the testimony concerning the heroin were not necessary to preserve error because his counsel's in-trial motion "to suppress the evidence obtained as a result of the search" sufficed to meet the objection requirement for both the heroin and the testimony. Moss relies on *Eisenshank* v. *State* (1926), 197 Ind. 463, 467, 150 N.E. 365, 366, wherein it is stated that "[w]hen there has been sufficient and specific objection to the testimony, it is not necessary to repeat the objection whenever testimony of the same class is offered." *See also State* v. *Monninger* (1962), 243 Ind. 174, 182 N.E.2d 426 (quoted rule acknowledged but not applied); *Faust* v. *State* (1974), 162 Ind. App. 259, 319 N.E.2d 146 (quoted rule acknowledged but not applied); *G. W. Opell Co.* v. *Phillips* (1929), 90 Ind. App. 552, 169 N.E. 354.

The numerous recent cases cited in our original opinion as support for the general rule that a specific objection must be made contemporaneously with the questioned evidence, 333 N.E.2d at 143, tend to diminish the strength of the *Eisenshank* precedent. To the extent that the rule stated therein retains validity in this state, it must be read in the context of the facts in *Eisenshank, supra,* and *G. W. Opell Co., supra,* the only cases which our research has disclosed in which the rule has been applied.

The facts of those cases do not equate with the facts here. In *Eisenshank,* a properly specific objection to the second in a series of four consecutive, nearly identical questions to the same witness was allowed to suffice for the last two questions. In *G. W. Opell Co.,* the proper objection to a particular question to one witness obviated the necessity of objecting to a nearly identical question to the same witness later in that witness' examination. Moss asserts that his oral motion "to suppress the evidence obtained as a result of the search" made early in the trial is sufficient to eliminate the need for ob-

jecting contemporaneously with the varying testimony of four different witnesses produced later.

To so apply the Eisenshank rule would place a burden on the trial court inconsistent with the theme of the recent cases cited in our original opinion. *Cf. Harrison* v. *State* (1972), 258 Ind. 359, 281 N.E.2d 98; *Winston* v. *State* (1975), 165 Ind. App. 369, 332 N.E.2d 229. Rather than require the trial court to constantly consider whether a challenged piece of evidence is governed by an earlier, perhaps remote objection made to evidence arguably of a different nature, we think it better practice and more consistent with recent cases "for objecting counsel to ask the judge to have the record to show that it is understood that the objection goes to all other like evidence, and when later evidence is offered, to have it noted that the earlier objection applies." McCormick, *Evidence* 118 (2d Ed. 1972). In this connection, it should be noted that Moss' earlier objection in the form of his Motion to Suppress was to physical rather than testimonial evidence.

## II

Moss argues that we erred in considering the testimony concerning the heroin in our application of the harmless-constitutional-error rule of *Harrington* v. *California* (1969), 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284. While there is language in the *Harrington* opinion which supports Moss' position that allegedly tainted evidence cannot be considered as part of the evidence which must be "overwhelming" (395 U.S. at 254, 89 S.Ct. at 1728-1729), such a qualification to the test is absent from the subsequent case of *Brown* v. *United States* (1973), 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208.

While the *Brown* court does say that "[i]n this case, as in *Harrington* v. *California* * * *, the independent evidence" is overwhelming (411 U.S. at 231, 93 S.Ct. at 1570), we do not see in this statement a requirement that the "overwhelming" evidence must be wholly unrelated to the possibly erroneously allowed evidence. We think the *Brown* court's use of the phrases "other evidence" and "independent evidence" simply

signifies a recognition that the possibly improperly received evidence cannot itself be considered but that the application of the rule must rest on whether the evidence which *was* properly received is "overwhelming". We held in the opinion on the merits that the testimony was properly received, properly considered to the extent of its probative value, and "alone or in part may support a verdict or finding." McCormick, *Evidence,* 125-126 (2d Ed. 1972). Thus we deny the Petition for Rehearing.

Buchanan, J., concurs in result; White, J., concurs in the denial of the petition for rehearing for the reasons stated in Presiding Judge Sullivan's opinion of August 26, 1975, without either agreeing or disagreeing with the views expressed in today's opinion.

NOTE.—Reported at 335 N.E.2d 633.