MICHAEL COLIP *v.* STATE OF INDIANA.

[No. 3-1075A218. Filed January 24, 1977.]

*John J. Roper*, of South Bend, for appellant.

*Theodore L. Sendak*, Attorney General, *Susan J. Davis*, Deputy Attorney General, for appellee.

STATON, P.J.—Michael F. Colip had been charged with possession and delivery of a controlled substance. The trial court found him guilty of delivering a controlled substance and placed him on probation; however, Colip was already on probation for a previous offense. Later, Colip filed a motion to correct errors and a request for shock probation. His appeal to this Court raises the sole question of whether the trial court erred by admitting into evidence testimony describing the sale of the controlled substance and by later admitting into evidence the controlled substance. Colip contends that there was not sufficient probable cause before the sale to suspect him of illegal activity.

Evidence of probable cause is present in the record. Colip sold drugs to the informant's little brother. Later, the informant directed the police to a controlled buy on Florine Court. After demonstrating that his information was reliable, the informant directed the police to LaSalle Street where a buy was made from Colip.

During his court trial, Colip did not object to the testimony concerning the sale of the controlled substance, phencyclidine, nor did he object to the substance being introduced in evidence. Therefore, Colip has waived any error on appeal as to the admissibility of the testimony and

the controlled substance.[1] This Court stated in *Payne* v. *State* (1976), 168 Ind. App. 394, 343 N.E.2d 325, at 329 (transfer denied):

> "Accordingly, as with similar determinations our criminal courts are called upon to make, where a defendant desires to rely upon entrapment as a defense and, additionally, questions whether the government agents possessed the reasonable suspicion that he was engaged in criminal conduct before the transaction for which he is prosecuted took place, he may seek a hearing by the court for the purpose of determining the question of law thus presented.
>
> "However, in the absence of such an objection or request, either before trial, or when during trial it first appears that government agents engaged in creative activity in order to prosecute commission of the offense, the 'probable cause' issue should be deemed waived for lack of objection. *Cf. Tyler* v. *State* (1968), 250 Ind. 419, 236 N.E.2d 815; *Johnson* v. *State* (1972), 152 Ind. App. 104, 281 N.E.2d 922." (Footnotes omitted.)

We affirm.

HOFFMAN, J., and GARRARD, J., concur.

NOTE.—Reported at 359 N.E.2d 258.

---

1. See also: *Locklayer* v. *State* (1974), 162 Ind. App. 64, 317 N.E.2d 868, at 872; *Smith* v. *State* (1974), 159 Ind. App. 438, 307 N.E.2d 875; *Thomas* v. *State* (1976), Ind., 345 N.E.2d 835.