**Donnie L. JACKSON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 4–184A7.**

Court of Appeals of Indiana, Fourth District.

Oct. 4, 1984.

Thomas A. Murto, Murto & Holbrook, Goshen, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Appellant Donnie Lee Jackson (Jackson) appeals his jury conviction in the Elkhart Circuit Court for burglary, a class B felony under IND.CODE 35–43–2–1.

We affirm.

ISSUES

Jackson presents three issues for review:

1. Did the trial court err by refusing to submit Jackson's tendered instruction B to the jury?

2. Did the trial court err by admitting testimony on Jackson's oral confession?

3. Was the evidence presented at trial sufficient to support Jackson's conviction?

FACTS

On May 23, 1978, burglars entered the residence of Paul Roten, Sr. in Elkhart, Indiana. The burglars took a wristwatch, cash, a ladies purse, a coin purse, a clock, and a checkbook. During the course of the burglary Paul Roten, Jr. (Roten, Jr.) awoke when one of the burglars shined a flashlight in his eyes.

On May 25th police arrested George Seals (Seals) while he was attempting to cash one of the checks taken during the burglary. The next morning Seals confessed to the burglary and implicated Jackson as his accomplice. On Saturday, May 27th, the Elkhart City Police arrested and incarcerated Jackson. Since it was a holiday weekend Jackson was not questioned until

Tuesday morning, May 30. During questioning Jackson made an oral confession, outlining the burglary in detail. However, Jackson refused to sign a statement at that time. The next day Jackson was questioned again and he agreed to sign a statement. Jackson then was taken before a judge for the first time.

DISCUSSION AND DECISION

### I. Jackson's Jury Instruction B Properly Refused

Jackson first contends the trial court erred by refusing to submit his tendered instruction B to the jury. We disagree.

■ In determining whether an instruction properly has been refused, we apply a three-part test: (1) did the tendered instruction correctly state the law, (2) was it supported by the evidence, and (3) was its substance covered by other instructions given by the court? *Spears v. State*, (1980) 272 Ind. 634, 401 N.E.2d 331, 334; *Roach v. State*, (1983) Ind.App., 451 N.E.2d 388, 393; *Nash v. State*, (1982) Ind.App., 433 N.E.2d 807, 811.

Jackson's tendered instruction B stated:

You are instructed that at the time the defendant allegedly confessed to Detective Staub, there was in full force and effect an Indiana Statute which read as follows:

Whenever any arrest has been made by any member of the police force, the officer making the arrest shall bring the person before the Court having jurisdiction of the offense, to be dealt with according to law. If the arrest is made during the hours when Court is not in session, or if the judge is not holding court, the person shall be detained in the City prison until there is an opportunity for a hearing at the earliest practicable time, or until he is released on bail. But no person may be detained longer than twenty-four (24) hours, except where Sunday intervenes, in which case no person may be detained longer than forty-eight (48) hours. I.C. 18-1-11-8

This instruction satisfies the first of the three-part test as it correctly states the law. It is essentially a recitation of IC 18-1-11-8. The instruction also satisfies the second prong of the three-part test. IC 18-1-11-18 states a person may be detained no longer than 48 hours without going before a judge. The evidence at trial clearly indicates Jackson was detained over 90 hours before having a hearing.

■ However, the substance of Jackson's instruction B was adequately covered by other instructions. Jackson contends his instruction was necessary for the jury to determine the voluntariness of his confession. The instructions which the trial court gave the jury, however, adequately covered the voluntariness of the confession as it relates to a delay in going before a judge. Instructions 11 and 13 discussed directly the question of delay in taking a defendant before a judge and its effect on the weight and voluntariness of the confession. These instructions included reference to the questionability of confessions gained beyond six hours of detention. Thus, they adequately covered the substance of Jackson's tendered instruction B for the purpose for which he tendered it. Jackson's tendered instruction B was properly refused.

### II. Error in Admission of Oral Confession Not Properly Before this Court

■ Jackson next contends the trial court erred by admitting testimony as to his oral confession. Jackson did not object to such testimony at trial and such alleged error is, absent fundamental error, waived on appeal. *Tabor v. State*, (1984) Ind., 461 N.E.2d 118, 121; *Murray v. State*, (1982) Ind., 442 N.E.2d 1012, 1017; *Andrews v. State*, (1982) Ind., 441 N.E.2d 194, 198. Jackson argues the admission of his oral confession is fundamental error and thus objection at trial is not necessary to preserve the error. We disagree.

■ We have previously considered whether the admission of allegedly illegally gained evidence is fundamental error and have decided it does not rise to the level of fundamental error. *Winston v. State*,

(1975) 165 Ind.App. 369, 332 N.E.2d 229. *Winston* involved the admission at trial of testimony alleged to be illegally seized in violation of the Fourth Amendment, but not objected to at trial. After subjecting the alleged error to an exhaustive two-part analysis we concluded:

> If we were to take the position that alleged errors in the admission of possibly unlawfully obtained evidence were reviewable by this court *sua sponte* as "fundamental", we would force the trial judge, on pain of reversal, to become a "super-trial-defense counsel", scrutinizing every piece of the State's evidence on the accused's behalf. *See Commonwealth v. Clair, supra* [458 Pa. 418] 326 A.2d [272] at 273. The trial judge would have to determine *sua sponte* the legality, probative value, and potential prejudice of each apparently unrelated piece of evidence offered by the State. To so drastically alter our traditional adversary system under the guise of "fundamental error" is a course we refuse to follow.

165 Ind.App. at 377, 332 N.E.2d at 233. Jackson presents no reasoning sufficient to alter our position, and we decline to do so. This alleged error, therefore, is waived.

### III. Evidence Sufficient to Support Jackson's Conviction

■ Jackson finally argues the evidence presented at trial was insufficient to support his conviction. When reviewing sufficiency questions we neither reweigh the evidence nor judge the credibility of witnesses. We examine the evidence in a light most favorable to the State and all reasonable and logical inferences to be drawn therefrom. We affirm if there is substantial evidence of probative value on each element of the crime charged. *Hossman v. State,* (1984) Ind., 467 N.E.2d 416 at 418; *Morrison v. State,* (1984) Ind., 462 N.E.2d 72, 74; *Bean v. State,* (1984) Ind., 460 N.E.2d 936, 945; *Elliott v. State,* (1983) Ind.App., 450 N.E.2d 1058, 1061.

Jackson questions only the proof of his involvement in the burglary. The evidence produced at trial on this element was Jackson's confession and the statement by Seals implicating him. The confession by Jackson was an accurate and detailed description of the events of the burglary. It produced facts which were unknown even to Seals. This evidence, if believed, is sufficient to support Jackson's conviction.

■ Jackson further argues Seals changed his statement and it is thus inherently unreliable. While Seals did give three versions of the events of the burglary, which version to believe goes to the credibility of the witness which is for the jury to decide. We will not second guess the jury's decision.

■ Jackson finally contends the description of the burglar by Roten, Jr. as a blond negates his guilt. Roten, Jr. testified, however, his description was based upon who he thought might have committed the burglary, all he actually saw was a silhouette outline. The weight to be given this evidence and how it effects the credibility of the other evidence at trial is in the province of the jury and shall not be disturbed by this court.

Evidence presented at trial was sufficient to support Jackson's conviction.

Affirmed.

MILLER, P.J., concurs.

YOUNG, J., concurs in result with opinion.

YOUNG, Judge, concurring in result.

I agree that in this instance the admission of appellant's oral confession does not warrant reversal of his conviction. I believe the majority errs, however, in stating that this court may never, absent objection at trial, review the admission of illegally obtained evidence.

The fundamental error doctrine permits an appellate tribunal to address an error not otherwise preserved for review if the error appears plainly on the face of the record and is of such consequence that it denied the defendant due process. *Rowley v. State,* (1982) Ind., 442 N.E.2d 343. The United States Supreme Court has repeated-

ly held the admission of an involuntary confession deprives a defendant of due process of law. *Mincey v. Arizona,* (1978) 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290; *Jackson v. Denno,* (1964) 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; *Payne v. Arkansas,* (1958) 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975. Accordingly, we may review the admission of an involuntary confession under the doctrine of fundamental error despite appellant's failure to object at trial.

The determination of whether an error is fundamental requires three distinct steps: 1) could the alleged error have denied the defendant due process; 2) if so, does the alleged error appear plainly in the record, allowing an intelligent review of the issue; and 3) if so, did error occur and did it deny the defendant fundamental due process. *See* 4A Bagni, Giddings, Stroud, Indiana Practice, Appellate Procedure § 15, at 29 (1979).

In this case, steps one and two of our fundamental error analysis are met; the admission of an involuntary confession violates due process and the circumstances surrounding the confession are plainly set out in the record. An examination of the record, however, indicates the court did not err in admitting Jackson's confession. Therefore, no fundamental error occurred.

The evidence revealed that Jackson was arrested Saturday evening, May 27, 1978, but was not brought before a magistrate until Wednesday, May 31, in violation of the forty-eight hour limit of IND.CODE 18–1–11–8 (repealed by 1982 Ind.Acts P.L. 127, Sec. 2(b)). Because Monday was a holiday, the earliest Jackson could have been taken before a judge was Tuesday. On Tuesday morning, he was questioned by a detective and made an oral confession. When he refused to put the confession in writing he was returned to jail. Only after he had made a written confession the following day was Jackson finally taken to court. The written confession was subsequently suppressed, but the earlier oral statement was found to be voluntary and, therefore, admissible.

Jackson does not allege, nor does the record show, that his oral statement was coerced or caused by his continued detention in jail. He simply argues that had he been released from jail within the required forty-eight hours, the detective would not have had an opportunity to question him and he would not have made any statement. A confession can not be suppressed on such a basis. Instead it must be shown the statement was coerced or produced by the unlawful detention. *Pawloski v. State,* (1978) 269 Ind. 350, 380 N.E.2d 1230.

In these circumstances we can find no error in the admission of Jackson's oral confession. Although I would reach the same result as the majority in the present case, I believe the approach to fundamental error outlined above is more correct and in line with this district's opinion on the question in *Williams v. State,* (1983) Ind.App., 451 N.E.2d 687.