Michael H. **TAYLOR,** Appellant (Defendant Below),

v.

**STATE of Indiana,** Appellee (Plaintiff Below).

No. 4–484A97.

Court of Appeals of Indiana, Fourth District.

Feb. 14, 1985.

Rehearing Denied April 4, 1985.

Andrew P. Sheff, Bennett & Sheff, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Latrwealle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Presiding Judge.

Michael Taylor, defendant below, appeals his conviction in a bench trial for carrying a handgun in a vehicle without a license, a Class D felony in this case because of a prior felony conviction of defendant. *See* IND.CODE 35–23–4.1–3, –18 (1982).[1] Defendant's sole allegation of error is that the evidence was insufficient to sustain his conviction. More specifically, defendant argues there was insufficient evidence to support a finding that he had possession of either of the two handguns found in the vehicle in which he was a passenger. We reverse.

## FACTS

At about 10:00 P.M. on February 18, 1983, Officer John Upton of the Indianapolis Police Department, and another IPD officer, each driving their own police vehicle, observed a 1970 Pontiac run a red light at the intersection of 38th Street and Sherman Drive on the east side of Indianapolis. The Pontiac, owned and driven by Kenneth Martin, with defendant riding in the front passenger seat, stopped abruptly once through the intersection, then pulled into an abandoned gas station on the southeast corner.

Officer Upton and the other officer followed Martin's Pontiac into the service station, the one officer parking directly behind Martin, Officer Upton parking about six feet behind and ten feet to the right of Martin. Martin got out of his car on the driver's side and began walking back toward the police vehicle directly behind his car, while Officer Upton exited his vehicle and approached the front passenger door of Martin's car. When Officer Upton was within three or four feet of the passenger door, defendant opened it and exited the car. When he did, Officer Upton observed a .38 caliber revolver lying in plain view in the middle of the front seat of Martin's car. While the passenger door was still open, Officer Upton also observed, in plain view, a .45 caliber automatic pistol lying on the floorboard in front of the passenger seat, about eight to ten inches inside the passenger door. Officer Upton asked defendant and Martin whether they had licenses to carry the guns, and both replied that they had no license. Neither of the guns were ever fingerprinted.

---

1. Repealed by Act of April 22, 1983, P.L. No. 311–1983, § 49, 1983 Ind.Acts 1861, 1922; amended and recodified at IND.CODE 35–47–2–1, –23 (Supp.1983).

Defendant testified at trial he had gotten into Martin's car about ten or fifteen minutes before this incident and that he did not see or know of the presence of either of the guns when he entered the car. He stated he first saw the .38 revolver lying on the front seat when Martin exited the car at the gas station. Defendant claimed he never saw the .45 automatic on the floor in front of his seat.

## DECISION

In reviewing a challenge to the sufficiency of the evidence to support a conviction, we will not reweigh the evidence nor reassess the credibility of the witnesses; we will consider only the evidence most favorable to the state and all reasonable inferences therefrom. *McDowell v. State* (1983), Ind., 456 N.E.2d 713. If there is substantial evidence of probative value to support each element of the offense, we will not disturb the decision of the trier of fact. *Warner v. State* (1983), Ind., 455 N.E.2d 355.

■ Defendant was charged with and convicted of violating IND.CODE 35–23–4.-1–3 (1982), which provides:

"Except as provided in [IC 35–23–4.1–4] of this chapter, no person shall carry a handgun in any vehicle or on or about his person, except in his place of abode, on his property or fixed place of business, without a license issued under this chapter."

Where, as here, a defendant is charged with carrying a handgun in a vehicle without a license, the prosecution must prove: (1) a handgun was found in the vehicle; (2) the accused had possession of the handgun; and (3) the accused intended to convey or transport the handgun from one place to another. *Klopfenstein v. State* (1982), Ind. App., 439 N.E.2d 1181. The only dispute in this case is whether the evidence was sufficient to prove, beyond a reasonable doubt, that defendant had possession of either of the handguns[2] found in the vehicle in which he was a passenger.

In deciding this issue, we are confronted with our supreme court's decision in *Frasier v. State* (1974), 262 Ind. 59, 312 N.E.2d 77, *cert. denied,* 419 U.S. 1092, 95 S.Ct. 686, 42 L.Ed.2d 686. The facts and holding in that case are relevant to the present case were succinctly stated:

"We reverse the trial court's judgment on the gun-possession charge. The evidence, from the viewpoint most favorable to the State, [citations omitted] is simply that Appellant was a passenger in an automobile stopped by a Deputy Sheriff. Both the driver and Appellant, who was riding in the front passenger seat, got out of the car and stood at the rear of the car. A gun-fight developed between the driver and the Deputy Sheriff. Subsequent to this gun fight, in which the driver of the car was killed, the Appellant was arrested. A search of the car revealed a pistol lying *on the passenger's seat.* These meager facts do not support, as a matter of law, an inference that beyond a reasonable doubt Appellant once possessed this gun."

*Id.* at 63, 312 N.E.2d at 79 (emphasis added).

■ The *Frasier* case is indistinguishable from the present case for purposes of determining whether defendant can be held to have possessed the .38 caliber revolver found lying midway between the driver's seat and passenger's seat of the vehicle in which defendant was a passenger.[3] In-

**2.** Neither the information nor the verdict make clear which of the two guns defendant was supposed to have possessed, but substantial evidence showing that defendant possessed *either* of them would be sufficient to affirm the conviction. Thus, we will consider the two guns separately.

**3.** The defendant in *Frasier v. State, supra,* was charged with unlicensed possession of a gun, in violation of the 1935 Firearms Act. *See* IND.

CODE 35–23–4–1 to –17 (1971 Ed.). This law was repealed in 1973 and replaced by the statute that applies to this case, IND.CODE 35–23–4.1–1 to –18 (1982). Although the alleged offense in the present case is carrying a handgun in a vehicle without a license, IC 35–23–4.1–3, as opposed to unlicensed possession of a gun in *Frasier,* the critical and disputed issue in each case is the defendant's possession of a handgun found in a vehicle in which he was a passenger.

deed, because the gun in *Frasier* was found even closer to where the passenger-defendant had been sitting (on the passenger's seat) than the .38 revolver in this case (between the driver's and passenger's seat), the inference that the passenger-defendant had once possessed the handgun seems stronger in *Frasier* than here. Yet our supreme court held that, as a matter of law, this inference was not supported beyond a reasonable doubt. Therefore, we must hold the evidence in the present case was insufficient to prove beyond a reasonable doubt that defendant possessed the .38 revolver.

██ Likewise, we are unable to see a principled way to distinguish *Frasier* from the present case for purposes of determining whether defendant possessed the .45 caliber automatic pistol found lying on the floorboard in front of the passenger seat, eight to ten inches from the passenger door of the vehicle in which defendant was a passenger. Like the gun in *Frasier*, the .45 automatic was discovered lying in plain view on the passenger's side of the car after the passenger-defendant was outside the vehicle. Also, it makes no difference that two guns were found in the car in the present case, but only one in *Frasier*, because defendant here could have been convicted of carrying either or both of the handguns found in the car in which he was a passenger; therefore, defendant's possible possession of each gun must be considered independently. The only possible inference beneficial to the state that might be raised by the presence of two guns in the car in which defendant was a passenger is that Martin, the driver, had possession of the .38 revolver found on the seat, implying that the .45 automatic found on the floorboard in front of the passenger seat was possessed by defendant. *Cf. Thomas v. State* (1973), 260 Ind. 1, 291 N.E.2d 557 (where defendant and another person were found sitting at a table on which two open foil packets of heroin were found lying in plain view, it could be inferred that each person had exclusive possession of one packet of heroin). But in *Frasier*, it is clear there was more than one gun in the car before the driver and the passenger-defendant got out, because the driver had a gun in his actual possession with which to engage the police in a gun fight, *see* 262 Ind. at 64, 312 N.E.2d at 79, and another gun was found in the car on the passenger seat after the gun fight. A reasonable inference from these facts might have been that, since the driver had actual possession of one of the guns originally in the car, the remaining gun found on the passenger's seat had been possessed by the passenger-defendant. But again, our supreme court held that the inference—that beyond a reasonable doubt the defendant once possessed this gun—was not supported, as a matter of law. *Frasier v. State, supra.* Thus, we find *Frasier* controls the question of whether the evidence was sufficient to sustain a finding that defendant had possession of the .45 automatic, and we hold the evidence was not sufficient.

The state makes no attempt to distinguish *Frasier* from the case before us; in fact, *Frasier* is neither cited nor discussed in the state's appellate brief. The state relies instead on the law of constructive possession enunciated in a number of drug possession cases, primarily *Thomas v. State, supra.* While we are aware of a number of cases from our court of appeals that apply this law to handgun cases, *see, e.g., Klopfenstein v. State, supra; Parson v. State* (1982), Ind.App., 431 N.E.2d 870, we note that there were no cases from our supreme court before *Frasier* that applied the law of constructive possession to handguns, and only one very recent supreme court decision, relied upon by the dissent, has done so since *Frasier*.[4] We find, how-

---

Therefore, the differences between the statute that the defendant allegedly violated and the statute involved in *Frasier* do not affect our decision.

**4.** We also note that the rules of constructive possession of drugs were first adopted by our supreme court in *Thomas v. State, supra,* but that these rules were not applied by the court to

ever, that *Woods v. State* (1984), Ind., 471 N.E.2d 691, in which the defendant Woods was the driver, owner, and *sole occupant* of the vehicle in which the handgun was found, is distinguishable from the present case, inasmuch as it was unequivocally an "exclusive dominion" case of constructive possession.[5] Here, defendant did not have exclusive dominion over the automobile in which the handguns were found, nor was he the sole occupant, owner, or driver of the vehicle. The same was true of the defendant in *Frasier*, which is, therefore, also distinguishable from *Woods*. Thus, because *Woods* neither expressly nor impliedly overrules *Frasier*, the latter decision remains good law, and the present case, factually indistinguishable from *Frasier*, is controlled by its precedent.

Therefore, we hold the evidence at trial was insufficient as a matter of law to sustain defendant's conviction for carrying either of the handguns found in the vehicle in which he was a passenger. The judgment of the trial court must be reversed.

YOUNG, J., concurs.

CONOVER, J., dissents with separate opinion.

CONOVER, Judge, dissenting.

I respectfully dissent. The majority first implies the rules of constructive possession do not apply to handgun cases. They do, cf. *Woods v. State* (1984), Ind., 471 N.E.2d 691, at 693.

When constructive possession is asserted, the State must demonstrate the defendant's knowledge of the handgun. This knowledge may be inferred from either the exclusive dominion and control over the premises containing the handgun or, if the control is non-exclusive, evidence of additional circumstances pointing to the defendant's knowledge of the presence of the handgun. *Woods, supra*, at 694. Here,

the evidence shows the .45 and the .38 caliber pistols were both in plain view. Officer Upton saw them while he was still 3 to 4 feet away from the vehicle. This alone is sufficient for the judge to infer knowledge on Taylor's part. The .38 would have been on the seat between Taylor and the driver and the .45 between his feet on the floor when the two were in the car, both weapons within Taylor's easy reach. To hold otherwise is to reweigh the evidence. We cannot do so. *Jackson v. State* (1984), Ind.App., 469 N.E.2d 753, 756; *Killian v. State* (1984), Ind.App., 467 N.E.2d 1265, 1269.

Additionally, Taylor had primary control over the .45 lying between his feet. He was in the best position to gain actual control over the weapon. It was within easy reach, but difficult if not impossible for the driver to reach. It is clearly a reasonable inference Taylor had constructive possession of the .45.

Taylor's conviction should be affirmed.

---

handguns in *Frasier*, which was decided eighteen months after *Thomas*.

**5.** *See Woods v. State* (1984), Ind., 471 N.E.2d 691, at 694. Although the court also indicated that the evidence was sufficient to support

Woods' conviction assuming, *arguendo*, it was a "non-exclusive dominion" case, *id.*, the court's discussion in this context was plainly *dicta*, which cannot control our decision in the present case.