Kevin **STONER**, Appellant
(Petitioner Below),

v.

**STATE of Indiana**, Appellee
(Respondent Below).

No. 18A02–8803–PC–120.

Court of Appeals of Indiana,
Second District.

Nov. 28, 1988.

Susan K. Carpenter, Public Defender, John Pinnow, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Kevin Stoner appeals the denial of his petition for post-conviction relief.

We affirm.

Stoner's 1981 murder conviction was affirmed on direct appeal by our supreme court in *Stoner v. State* (1982), Ind., 442 N.E.2d 983. His July 1985 *pro se* petition for post-conviction relief was summarily denied in January 1986. In April 1987, this court reversed the summary denial of Stoner's petition and remanded with instructions to hold a hearing. *Stoner v. State* (1987), Ind.App., 506 N.E.2d 837. The post-conviction court subsequently conducted a hearing on Stoner's petition, and denied him relief. Stoner appeals that ruling.

Stoner's petition alleges error in the admission of four State's exhibits at his original trial. State's exhibit 9-9-9 is a close-up photograph of the murder victim. Stoner objected to its admission on grounds its prejudicial effect outweighed its probative value in that it was repetitious of State's exhibit 6-6-6, another photograph of the murder victim. However, Stoner did not include this error in his motion to correct

error and did not assert it on direct appeal. The remaining three State's exhibits, 17–17–17, 18–18–18, and 19–19–19, whose admission Stoner also asserts as error in his petition, are photographs of footprints at the crime scene and were admitted without objection at Stoner's trial. In addition, error in their admission was not asserted in Stoner's motion to correct or on his direct appeal.

## DISCUSSION

Stoner argues the post-conviction court erred in concluding he waived his claims. Stoner acknowledges that *Bailey v. State* (1985), Ind., 472 N.E.2d 1260 would preclude his freestanding claims of fundamental error because the errors were available, but not argued, on a direct appeal. However, Stoner asserts the *Bailey* doctrine cannot be applied to him because, at the time of his direct appeal, the appellate courts reviewed fundamental error claims at any time. Therefore, Stoner contends, *Wheat v. Thigpen* (5th Cir.1986), 793 F.2d 621, *cert. denied*, 480 U.S. 930, 107 S.Ct. 1566, 94 L.Ed.2d 759, precludes application of the waiver doctrine.

Without passing judgment on the merits of Stoner's argument, we affirm the ruling of the post-conviction court for a more basic reason—Stoner's claims do not rise to the level of fundamental error. Assuming, without deciding, the admission of these exhibits could constitute error, the error is not fundamental. Their admission, as generally is the case with most evidentiary rulings, does not "so inundate the trial as to remove from the proceedings its essential cloak of fairness." *Winston v. State* (1975), 165 Ind.App. 369, 375, 332 N.E.2d 229, 233. The same considerations which preclude the inclusion of illegally obtained evidence within the penumbra of fundamental error apply to evidence the admission of which lies within the sound discretion of the trial court.[1]

The appellate courts in this state have declined to include admission of illegally

---

1. Stoner recognizes the admission of State's Exhibits 9-9-9, 17-17-17, 18-18-18, and 19-19-19 is within the trial court's discretion.

obtained evidence within the penumbra of fundamental error. This preclusion is solidly based on two considerations which weigh against invocation of the fundamental error doctrine. First, only the interested party can and should make the judgment whether the introduction or exclusion of particular evidence is in his best interest; and, second, the admission of illegally obtained evidence does not affect the integrity of the fact-finding process. *See generally Winston v. State* (1975) 165 Ind.App. 369, 332 N.E. 2d 229.

*Williams v. State* (1986), Ind.App., 489 N.E.2d 594, 600 (footnote omitted).

■ Accordingly, Stoner waived any error in the admission of State's exhibits 17–17–17, 18–18–18, and 19–19–19 for purposes of direct appeal when he failed to object to their admission at trial. He waived any error in the admission of exhibit 9–9–9 when he failed to preserve it in his motion to correct error. These errors are not fundamental and they may not be considered after failure to preserve them properly.

JUDGMENT AFFIRMED.

BUCHANAN and HOFFMAN, JJ., concur.