Mark COOMER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9007–CR–391 [1].

Court of Appeals of Indiana,
First District.

July 31, 1991.

Jeffrey A. Baldwin, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Ian A.T. McLean, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

ROBERTSON, Judge.[2]

Mark Coomer appeals his convictions, after a bench trial, of two counts of child molesting, class B and C felonies, and Incest, a class D felony.

We affirm.

Coomer challenges the sufficiency of the evidence to sustain his convictions in two respects. First, Coomer contends that the record contains insufficient evidence of penetration to sustain the class B felony child molesting conviction and the conviction of incest. Second, he argues that the State failed to introduce any evidence from which it could be determined that the charged acts occurred during the period alleged. Coomer also argues in this appeal that the trial court committed reversible error by admitting the out-of-court statements of the victim without first entering specific findings of fact and conclusions of law. Inasmuch as resolution of the second contention of error colors our resolution of the sufficiency questions, we address the

---

2. This opinion is the 2000th majority decision by Judge Robertson.

admissibility of the victim's out-of-court statements first.

The State petitioned the court, pursuant to Ind.Code 35–37–4–6, for a hearing to determine the admissibility of certain out-of-court statements made by the victim who was then age nine. The hearing, held immediately before the trial began, established that the victim was competent and had made certain statements to Detective Shepard, the physician who examined her, and her friend, Sara. The victim denied having discussed the offenses with her mother. At the hearing, the victim also testified concerning the charged incidents in lieu of trial testimony and was cross-examined by the defense with the understanding that she would not testify again when the trial officially commenced. The State elicited from the victim her understanding of what a penis was and her accusations that Coomer touched her private with his hand and touched her vagina with his penis. She did not in any other way expressly confirm the charge of child molesting by sexual intercourse or the allegation that Coomer had touched her with his hand under her shirt. The State then proceeded with its case-in-chief. When it sought to introduce the content of the victim's hearsay statements to Detective Shepard, Coomer stated the basis of his objection to be that the statements were cumulative and "inadmissible for purposes of backing up [the victim's] testimony." He objected to the admissibility of the statements made by the victim to her mother on the ground they were cumulative.

 Coomer now argues that the statements were rendered inadmissible because of the trial court's failure to state specifically the factual basis for its conclusion that the statements contained sufficient indicia of reliability to be admitted. As the State contends, any error in the admission of the statements because of the absence of specific findings has been waived by Coomer's failure to object on that basis at trial. The grounds for objection on appeal must be the same as those made at trial to preserve error on appeal. *Fozzard v. State* (1988), Ind., 518 N.E.2d

789, 792. *Cf. also, Stoner v. State* (1988), Ind.App., 530 N.E.2d 757.

 Moreover, I.C. 35–37–4–6 contemplates the situation where the statements of the child are otherwise inadmissible, as where the child is unavailable for cross-examination and the statements do not otherwise fit into any of the recognized exceptions to the hearsay rule. *See Miller v. State* (1988), Ind., 531 N.E.2d 466; *Altmeyer v. State* (1986), Ind.App., 496 N.E.2d 1328. Here, M.C., a competent witness, testified as if the trial had formally commenced and was fully cross-examined by Coomer. The parties and the court understood and contemplated that M.C.'s testimony would be part of the State's case-in-chief. And, the statements made by M.C. to Detective Shepard were otherwise fully admissible under the *Patterson* exception to the hearsay rule; M.C. both acknowledged making the statements and offered in-court testimony consistent with the charges. Though her in-court testimony was not as detailed as her oral statements to Detective Shepard, M.C. implicated Coomer as the individual who had touched her vagina with his hands and penis. As in *Traver v. State* (1991), Ind., 568 N.E.2d 1009, M.C. has sufficiently acknowledged the content of her earlier statements to Detective Shepard to permit full and complete cross-examination and render her earlier out-of-court statements admissible.

 While arguably the statements made by M.C. to her mother may not otherwise have been admissible, error in their admission is surely not fundamental, as M.C.'s mother's repetition of M.C.'s statements Coomer had "had sex" with her is merely cumulative of the properly admitted statements given to Detective Shepard. The introduction of inadmissible evidence which is merely cumulative and not decisive of guilt is not prejudicial error. *Id.* at 1013; *Hendricks v. State* (1990), Ind., 562 N.E.2d 725.

Next we consider whether the evidence is sufficient to sustain the convictions of child molesting by sexual intercourse and incest. The evidence offered by the State from the victim, M.C., shows that Coomer got on top

of the victim, took out his "snake thing" which is located between his legs, and touched her "right up through there." When asked whether she saw Coomer do it or could just feel it up in there, M.C. responded she could feel it. She also indicated that it "wobbled" and changed sizes. M.C. expressly stated that Coomer touched her vagina with his private.

Dr. Deborah Hulbert, the physician who examined M.C. approximately two to three months after the alleged offense, observed increased vascularity of the tissue surrounding the opening of M.C.'s vagina which was indicative of some type of irritation. She also observed that the edges of M.C.'s hymen were very irregular with three scars, two of which extended into the vagina. Dr. Hulbert opined that these scars will occur with the tearing of hymenal tissue and its subsequent healing and were highly indicative of sexual contact of some kind as nothing else would cause that kind of tearing of the hymen. The stretching of M.C.'s posterior fourchette was also an indication of sexual contact.

To sustain convictions for child molesting and incest, proof of the slightest penetration is sufficient, *Dinger v. State* (1989), Ind., 540 N.E.2d 39, 40, and may be inferred from the victim's physical condition soon after the crime. *Id.* M.C.'s identification of Coomer's sex organ and her statements she could feel him touch her with it "through there" when considered in conjunction with the physician's testimony, that M.C.'s hymen and vagina both showed scarring from the penetration of some object, provide an objective basis for inferring that penetration of M.C.'s sex organ occurred as alleged. Accordingly, we find the evidence favorable to the State and the reasonable inferences of penetration which can be drawn therefrom sufficient to sustain Coomer's child molesting and incest convictions.

Coomer also alleges that the State failed to prove any crime, but in

particular, the fondling or touching offense, occurred during the period August, 1988 through November, 1988 charged in the informations. However, in instances when time of the offense is not of the essence, the offense may be proved as having occurred at any date within the statute of limitations preceding the filing of the affidavit or indictment. *Tapp v. State* (1971), 256 Ind. 422, 269 N.E.2d 367, 369; *Hobson v. State* (1986), Ind.App., 495 N.E.2d 741, 746. Although the precise date of the offenses cannot be determined, M.C.'s testimony supports the reasonable inference that the offenses did occur between March 23, 1984 and March 23, 1989. An investigation of the offenses began in mid-December, 1988, after M.C.'s teacher confiscated a note M.C. was attempting to pass to her friend, Sara. In March, 1989, M.C. reported that the offenses occurred during Friday night visitation with her father after she turned nine on December 21, 1988, when her step-mother was working at Lazarus. However, she also testified that sexual intercourse had occurred some eleven or twelve times both at her father's residence on Kelly Street and after his move to Hibben Street. Coomer himself testified that he moved to Hibben Street in 1986 and that his wife had been employed by Lazarus from September to December, 1988. The record therefore supports the trial court's determination that the offenses occurred within the statutory period of limitations. Coomer does not claim that he was in any way misled or prejudiced by the variance. Accordingly, since it appears the offense did occur within the statute of limitations, the evidence is sufficient to sustain the convictions.

Judgment affirmed.

STATON and BUCHANAN, JJ., concur.