Gregory **ROBINETTE**, Appellant–
Appellant,

v.

**STATE of Indiana, Appellee.**

No. 49A02–9303–CR–140.

Court of Appeals of Indiana,
Second District.

Nov. 2, 1994.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Deana McIntire Smith, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

## OPINION

SULLIVAN, Judge.

Gregory Robinette (Robinette), convicted of beating his estranged wife, asks us to hold that a probation condition prohibiting him from contacting his victim unconstitutionally infringed upon his right of privacy in marriage. We decline to do so.

On April 23, 1992, Robinette pleaded guilty to battering his estranged wife, a class C felony.[1] He was sentenced to four years imprisonment, which were suspended, and placed on probation for two years. As a special condition of probation, he was ordered to have no contact with his wife, Lisa, and her mother, June Harmon.[2] Less than one month later, on May 20, 1992, Robinette and Lisa were divorced.

On June 26, 1992, Robinette violated his probation for the first time when he was found and arrested by the police inside Ms. Harmon's home. Then, on October 29, 1992, five months after the divorce, Robinette violated the special condition of his probation a second time. After a hearing, the trial court found that Robinette had kidnapped Lisa, hit her with his fist, held her against her will in a trailer, threatened to cut her throat and bury her in a field, and forced her to submit to sexual intercourse.[3] The court revoked

---

1. I.C. 35–42–2–1.

   According to the police report, Robinette committed the battery on January 24, 1992, after Lisa, his wife, and her mother, June Harmon, returned from the police station where they reported that Robinette had raped Lisa. When the two women returned to Ms. Harmon's home, Robinette followed them in, staying until the police arrived the following day. During that time, Robinette confined the women to the house, beat Lisa, ordered Lisa to submit to and perform various sexual acts, and threatened to cut her throat with a piece of slivered glass and to set her on fire. Ms. Harmon managed to escape and call the police, who arrived to find Robinette holding Lisa in a headlock, with wounds upon her face, neck, and lower body.

2. I.C. 35–38–2–2.3 (Burns Code Ed.1994) provides that a trial court may order the probationer to "[r]efrain from any direct or indirect contact with an individual."

3. Evidence presented at the hearing also revealed that Robinette made harassing phone calls to Lisa at Ms. Harmon's house several times a day and appeared at the house frequently. During these visits, Robinette wreaked havoc upon the house; he cut the screen door, kicked out the storm door, and cut the phone lines. In fact, Lisa testified that before Robinette put in an appearance, he would call to tell her that he would cut the phone lines so that she and Ms. Harmon could not call the police.

Robinette's probation, and the originally suspended four year sentence was ordered executed.

 Robinette claims that because the special condition of his probation was invalid, his probation could not be revoked for violating such condition. Robinette has waived this argument. Robinette did not object to the condition at the time it was imposed, nor did he object to the condition at his hearing for the first or second probation violation. Failure to raise an error at trial precludes appellate review. *Indianapolis Newspapers v. Fields* (1970), 254 Ind. 219, 259 N.E.2d 651, *cert. denied.*

A reviewing court will only address error presented for the first time upon appeal when the error is fundamental. *Winston v. State* (1975) 2d Dist., 165 Ind.App. 369, 332 N.E.2d 229. Fundamental error occurs where the record reveals error so prejudicial to the defendant that he could not have had a fair trial. *Id.*, 332 N.E.2d at 231. Fundamental error is blatant error which denies the defendant due process. *Id.* at 232.

The alleged error was not fundamental. Robinette does not argue that the alleged constitutional violation denied him due process or a fair trial on the violation hearing. Indeed, we cannot conceive of how it could do so. Robinette was charged with violating a parole condition, was given a fair trial with due process safeguards, and was found guilty. His appeal is an impermissible collateral attack upon that judgment.

In passing we note that Robinette was not married to Lisa at the time he committed both violations and therefore, as applied, the probation condition did not infringe upon any constitutional right to privacy in marriage. Further, we are unable to perceive that a constitutionally protected marital privacy right exists based upon the unilateral desire of a husband to associate with his wife, where the wife, with good reason, wants no part of the marital relationship. This is especially true where, as here, dissolution proceedings have begun and one spouse has committed felony battery upon the other. The constitution does not protect a spouse's right to batter, intimidate, and harass his or her marriage partner free from government intrusion. The very idea is ludicrous.

The probation revocation is affirmed.

FRIEDLANDER and KIRSCH, JJ., concur.